UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HEIDI LYNNE SAUNDERS, et al., | ) | Case No. EDCV 15-0188-FMO (KKx) |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS |
| v. | ) | COUNTY OF SAN BERNARDINO AND |
| | ) | JEFFREY CASEY'S MOTION FOR (1) |
| COUNTY OF SAN BERNARDINO, et al., | ) | TERMINATING SANCTIONS; (2) |
| | ) | EVIDENTIARY SANCTIONS; AND (3) |
| Defendants. | ) | MONETARY SANCTIONS [Dkt. 22, 28] |
| | ) | |
| | ) | |
| | ) | |

On November 16, 2015, Defendants County of San Bernardino and Jeffrey Casey ("Defendants") filed a Motion for (1) Terminating Sanctions, (2) Evidentiary Sanctions, and (3) Monetary Sanctions against Plaintiffs Heidi Lynne Saunders ("Saunders") and Robert Frank Olea, Jr. ("Olea") (collectively, "Plaintiffs"). ECF Docket No. ("Dkt.") 22, 28. Plaintiffs failed to file a timely Opposition. For the reasons discussed below, the Court **GRANTS** Defendants' motion for monetary sanctions against Saunders and sanctions Saunders as a result of Saunders' failure to comply with Court orders and rules. The Court **DENIES without prejudice** Defendant's motion for evidentiary and terminating sanctions.

The hearing on the motion currently set for December 17, 2015 is **VACATED**.

# I.

## BACKGROUND

On January 29, 2015, Plaintiffs filed suit against Defendants, alleging various civil rights claims pursuant to 42 U.S.C. § 1983 and state law claims arising out of an incident of alleged excessive force by officers, including defendant Casey, on or about December 13, 2013.  Dkt. 1, Complaint.  Saunders claims she suffered "substantial general and special damages, including but not limited to, great and severe physical injury, mental and emotional distress, pain and suffering, psychiatric and psychological counseling and therapy, medical treatment and medical bills, dental treatment and dental bills, lost wages and other special damages; all in an amount to be shown at trial, in excessive [sic] of $10,000,000.00."  See Complaint.  Saunders contends she is "still having major pain in both elbows and both shoulders" as well as her neck, jaw, front teeth, and lower back, and still has trouble using her right arm and hand.  Dkt. 24, Declaration of Risa Christensen in support of Motion ("Christensen Decl."), ¶ 7, Ex. 6 (Interrogatory Responses, No. 6).

On April 24, 2015, the Court issued a Scheduling and Case Management Order setting the following relevant dates and deadlines: (1) October 27, 2015 Fact Discovery Cut-Off; (2) November 10, 2015 Initial Expert Witness Disclosures; (3) January 11, 2016 Expert Discovery Cut-Off; (4) February 11, 2016 Dispositive Motion Cut-Off; and (5) May 10, 2016 Trial.  Dkt. 15.

On September 16, 2015, the parties submitted a Stipulation for an Independent Medical Examination ("IME") of Saunders to be held on Saturday, October 17, 2015 at 1:30 p.m. by Dr. Donald D. Kim.  Dkt. 19.  The parties also agreed as follows: "Dr. Kim requires 48 hours notification in the event of cancellation and, should Plaintiff Heidi Lynne Saunders fail[] to keep the appointment without proper notification, a non-appearance fee of $650 will be charged, along with any time the doctor has already spent in preparing for the IME."  Id.  On September 16, 2015, the Court issued an Order stating that the IME of Saunders "shall go forward on Saturday, October 17, 2015, as set forth in

1   the stipulation." Dkt. 20.

2       On October 16, 2015, the parties, including Saunders, attended mediation at

3   defense counsel's office.  Christensen Decl., ¶ 6; Dkt. 29, Declaration of Jerry L. Steering

4   in Opposition to Motion for Sanctions ("Steering Decl."), ¶ 3.  Saunders appeared "well,

5   or otherwise not ill." Id.  The parties were unable to reach a settlement.  Dkt. 21.

6       On October 17, 2015, Saunders failed to appear for the IME.  Christensen Decl., ¶

7   2; Steering Decl., ¶ 4.

8       On October 19, 2015, Defendants' counsel emailed Plaintiffs' counsel to initiate

9   meet and confer discussions regarding Saunders' failure to appear for the IME.

10  Christensen Decl., Ex. 2.  During a phone call later that day, Plaintiffs' counsel

11  represented Saunders had told him on October 16, 2015 that she intended to appear for

12  the IME on October 17, 2015.  Id. at ¶ 3.  Plaintiffs' counsel stated he would look into the

13  matter.  Id.  However, Plaintiffs' counsel did not provide any subsequent response.  Id.

14      Also on October 19, 2015, Saunders appeared in court on another matter in San

15  Bernardino County Superior Court.  Id. at ¶ 6, Ex. 5.

16      On October 30, 2015, Defendants' counsel sent correspondence to Plaintiffs'

17  counsel to follow-up on the October 19, 2015 conversation.  Id. at ¶ 4.  Defendants'

18  counsel offered to resolve the matter by seeking an order from the court to modify the

19  scheduling order to allow Saunders to appear at the IME on another date, if Saunders

20  agreed to pay $4,051.05 for the amount incurred by Defendants as a result of Saunders'

21  failure to appear.  Id.  Plaintiffs' counsel did not respond.  Id.

22      On November 4, 2015, Defendants' counsel requested a meeting to meet and

23  confer in person regarding Defendants' intention to file a motion to dismiss Plaintiffs'

24  complaint based on Saunders' failure to appear for the IME.  Id. at ¶ 5.  Once again,

25  Plaintiffs' counsel did not respond.  Id.

26      On November 6, 2015, Defendants' counsel provided Defendants' portion of the

27  joint stipulation to Plaintiffs' counsel.  Id. at ¶ 8.  On November 10, 2015, Plaintiffs'

28  counsel finally responded by providing a note from a Physician's Assistant ("PA") dated

1  November 4, 2015, which stated as follows:

2      To whom it may concern: P[atien]t was seen and evaluated by me and was

3      deemed unable to make previous medial examiner apt secondary to multiple

4      factors.  P[atien]t is willing and ready to reschedule this apt as able

5      secondary to physical and mental well-being.  P[atien]t was incapacitated

6      due to stressor from Oct. 16 and thus couldn't attend Oct. 17, 2015.

7      P[atein]t is still being followed, evaluated and treated by me.

8  Id. at Ex. 9.[1]

9      Defendants' counsel responded by email that the note was not acceptable or

10 believable.  Id. at ¶ 9.  Plaintiffs' counsel did not provide Plaintiffs' portion of the joint

11 stipulation.  Id.

12     On November 16, 2015, Defendants filed the instant Motion seeking (1)

13 terminating sanctions, (2) evidentiary sanctions in the form of an order dismissing "any

14 and all of plaintiff's medical claims, damages and injuries, with prejudice and prohibit the

15 plaintiff from presenting any evidence at trial or dispositive motion as to any medical

16 injuries she claims she sustained as a result of the incident," and (3) monetary sanctions

17 in the amount of $4,051.05.  Dkt. 22, 28.[2]

18     Plaintiffs failed to comply with the Local Rules regarding participation and

19 _____

20 [1]   The Court notes the last two sentences of the note appear to have been written in a
   different handwriting.  Further, the note does not identify when Saunders was seen and
21 evaluated by the PA.

22 [2]   Defendants initially filed the instant Motion as a "Motion to Dismiss" and set it for
23 hearing on December 17, 2015 before the District Judge.  Dkt. 22.  On November 30,
   2015, the District Court issued an Order finding Defendants' Motion was "a discovery
24 motion that should have been noticed for hearing before the Magistrate Judge."  Dkt. 27.
   Hence, the Court referred the Motion to the undersigned Magistrate Judge for decision.
25 Id.  The Court noted "[e]xcept in egregious circumstances, a motion to compel is what
26 defendants should have filed to address plaintiff's non-compliance with discovery.  The
   fact that plaintiff's counsel did not cooperate in completing the joint discovery stipulation
27 is not enough to justify the imposition of terminating sanctions."  Id.
28

preparation of a joint stipulation, and failed to file a timely opposition to the Motion.[3]

On December 8, 2015, Plaintiffs counsel filed a Declaration in Opposition to Defendants' Motion for Sanctions.  Dkt. 29.

## II.

## DISCUSSION

**A.    The Request for Terminating Sanctions is Denied Without Prejudice.**

**1.    Relevant Law**

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the sanction of dismissal against parties who disobey a court's discovery orders, including an order under Rule 35 requiring a party to submit to a physical or mental examination.  See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981). To justify the imposition of case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." Commodity Futures Trading Commission v. Noble Metals International, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 26 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).  Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault.  Henry v. Gill Industries, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993).  In evaluating the propriety of sanctions, the Court considers "all incidents of a party's

---

[3]    On November 23, 2015, Plaintiffs filed an ex parte application to continue the hearing on Plaintiffs' Motion from December 17, 2015 until February 4, 2016.  Dkt. 25. On November 24, 2015, the Court denied Plaintiffs' ex parte application.  Dkt. 26. Plaintiffs' counsel argues he was unaware he needed to participate in preparing a joint stipulation prior to the District Court construing the Motion as a discovery motion. Steering Decl., ¶ 14.  However, the Court's Scheduling Order and Order re: Summary Judgment both require a joint brief for dispositive motions.  Dkt. 15, 16.  Hence, Plaintiffs' counsel's failure to participate in preparing a joint stipulation is not excused.

misconduct." <u>Adriana International Corp. v. Thoeren</u>, 913 F.2d 1406, 1411 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991) (citation omitted).

Courts apply a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction is just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow.

<u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks and citations omitted).

"Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." <u>Tacori Enterprises v. Beverly Jewellery Co.</u>, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (quoting <u>Payne v. Exxon Corp.</u>, 121 F.3d 503, 507 (9th Cir. 1997)).

Regarding the third factor, a plaintiff's refusal to produce evidence in discovery supporting plaintiff's claim presumptively shows the claim is meritless and prejudices a defendant's ability to present its defense. <u>See, e.g.</u>, <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1236; <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991); <u>see</u> <u>In re Exxon Valdez</u>, 102 F.3d 429, 433 (9th Cir. 1996) (plaintiffs' "total failure to respond to discovery and the time consumed by attempting to secure compliance" show prejudice); <u>see also</u> <u>Payne</u>, 121 F.3d at 508 (finding prejudice where "plaintiffs' repeated failure to provide documents and information in a timely

fashion prejudiced the ability of [defendants] to prepare their case for trial") (citation omitted).

The fourth factor is entitled to little weight where a plaintiff completely refuses to cooperate in discovery, because "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."  See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228 (fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation and internal quotations omitted); In re Exxon Valdez, 102 F.3d at 433 (policy favoring disposition on merits of little weight in light of parties' "total refusal to provide discovery").  "Noncompliant plaintiffs bear responsibility for halting movement towards a merits resolution."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1237.

**2.    Application**

Here, the Court finds Saunders' failure to appear for the IME was willful.  Henry, 983 F.2d at 948-49.  Saunders was aware of the appointment and the 48-hour cancellation policy.  Dkt. 19.  Saunders allegedly failed to communicate with her attorney, who claims he was not aware she had failed to appear until informed by Defendants' counsel.  Christensen Decl., ¶ 3; Steering Decl., ¶ 4.  There is no evidence Saunders' failure to appear was outside her control.[4]  The Court also notes that failure to timely oppose a motion "may be deemed consent to the granting" of the motion.  L.R. 7-12.

-----

[4]    The Court finds the PA note inconclusive on this point and it does not explain her failure to timely communicate with her attorney or the medical examiner's office. Plaintiffs' counsel also attaches a copy of a document he characterizes as "October 30, 2015 hospital discharge papers for [Saunders] for her hospitalization for diabetes and heart failure."  Steering Decl., ¶5, Ex. A.  The document appears to be dated October 3, 2015.  Id.  It is clear the document does not purport to show Saunders was in the hospital on October 17, 2015.  Therefore, it is not relevant to explaining how her non-appearance or failure to communicate was outside her control.

1    Because a court order was violated, the first two factors weigh in favor of

2    terminating sanctions.  Tacori Enterprises, 253 F.R.D. at 582.

3        The third factor also weighs in favor of terminating sanctions, because Saunders'

4    "total failure to respond to discovery and the time consumed by attempting to secure

5    compliance" show prejudice.  In re Exxon Valdez, 102 F.3d at 433.

6        The fourth factor cuts slightly against default, because it is not clear Saunders has

7    wholly failed or refused to cooperate in discovery.  See Christensen Decl., Ex. 9 (PA note

8    stating Saunders "is willing and ready to reschedule this apt as able"); Steering Decl., ¶

9    29 ("She is more than willing to attend another scheduled defense medical

10   examination.").  However, the Court notes Saunders' failure to timely communicate with

11   her attorney, her appearance at a hearing on October 19, 2015, and her failure to obtain a

12   doctor's note until after Defendants' counsel stated their intention to seek terminating

13   sanctions, evidences a troubling lack of interest or concern for diligently pursuing the

14   case.

15       At this point in the case, the fifth factor, the availability of lesser sanctions, weighs

16   against terminating sanctions.  Defendants acknowledge there are other avenues and

17   sanctions available.  For example, in addition to seeking monetary sanctions, Defendants

18   offered to stipulate to continue the discovery cut-off to allow additional time for Saunders

19   to attend the IME.  Christensen Decl., ¶ 4.  Defendants have not shown they would be

20   prejudiced by a brief continuance and only argue that the Court has discretion to decline

21   such a continuance.  See Motion at 10-11.  Further, should Defendants seek such an

22   order, Saunders' failure to appear may yet be remedied by a second order directing her to

23   appear for examination.  See e.g., Halliday v. Spjute, No. 1:07-CV-00620-AWI (GSA),

24   2015 WL 4922762, at *5 (E.D. Cal. Aug. 18, 2015).  As the District Court noted,

25   "[e]xcept in egregious circumstances, a motion to compel is what [D]efendants should

26   have filed to address [Saunders'] non-compliance with discovery."  Dkt. 27.  Rather than

27   seek a continuance of the discovery cut-off and move to compel Saunders' appearance for

28

the IME, Defendants here skipped straight to terminating sanctions.[5]  The Court has not yet tried lesser sanctions in this matter.  Further, the Court's Order requiring Saunders to appear for the IME only warns of monetary sanctions for failure to appear.  Therefore, it is possible less drastic sanctions may yet be effective.

In addition, dismissal of the entire action is not warranted because Saunders is the only plaintiff who failed to obey a court order and it does not appear the IME will be dispositive of all of Saunders' claims.  Guifu Li v. A Perfect Day Franchise, Inc., 281 F.R.D. 373, 392 (N.D. Cal. 2012).

Accordingly, Defendants' request for terminating sanctions is **DENIED without prejudice**.

**B.      The Request for Evidentiary Sanctions is Denied Without Prejudice.**

When a party fails to obey an order to provide or permit discovery, Federal Rule of Civil Procedure 37(b)(2)(A)(i) permits courts to issue an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."  Fed. R. Civ. P. 37(b)(2)(A)(i).  Rule 37(b)(2)(A)(ii) also permits courts to issue an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).

Defendants request an order making the following evidentiary findings: dismissing "any and all of plaintiff's medical claims, damages and injuries, with prejudice and prohibit the plaintiff from presenting any evidence at trial or dispositive motion as to any medical injuries she claims she sustained as a result of the incident."  Mot. at 11.

The Court recognizes and appreciates the evidentiary sanctions sought are narrowly tailored to remedying the prejudice resulting from Saunders' failure to appear at

---

[5]      If Defendants wish to pursue this course of action, after they seek a continuance of any applicable deadlines, the undersigned Magistrate Judge will consider a motion to compel and/or for further sanctions filed in compliance with Local Rule 37-2 and, if appropriate, a concurrent request for an expedited hearing.

an IME.  However, as discussed above in section II.A., the Court has not yet had the opportunity to try lesser sanctions.  If the District Court denies a motion to continue necessary deadlines or Saunders fails to appear for a rescheduled IME following the granting of a motion to compel brought in compliance with Local Rules, the Court will reconsider Defendants' request for terminating and evidentiary sanctions.  Therefore, Defendants' request for evidentiary sanctions is **DENIED without prejudice**.

**C.    The Request for Monetary Sanctions is Granted.**

### 1.    Relevant Law

When a party fails to obey an order to provide or permit discovery, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation, and  specifically provide that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."[6]  L.R. 37 et seq.

///

### 2.    Application

Here, Saunders was warned her failure to appear at the IME would result in "a non-appearance fee of $650 [], along with any time the doctor has already spent in preparing for the IME."  See Dkt. 19.  Plaintiffs have failed participate in the preparation of a joint stipulation, or timely oppose the Motion for Sanctions.  Further, Saunders' failure to appear, or at least to provide 48 hours notice, is not substantially justified.  Thus, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and Local Rule 37-4, sanctions

---

[6]    Despite a lengthy discussion of Plaintiffs' counsel's failure to comply with the requirements for preparation of a joint stipulation, it is unclear whether Defendants are seeking sanctions against Plaintiffs' counsel pursuant to Local Rule 37-4.

are warranted.  Accordingly, Defendants' request for monetary sanctions against Saunders is **GRANTED** in an amount to be determined after further briefing.

Defendants request the amount of $4,051.05 for Saunders' non-appearance. However, Defendants have not provided evidentiary support for the amount requested. The Court will determine the appropriate amount of monetary sanctions after reviewing further evidentiary support.  Defendants may file a declaration regarding the amount reasonably incurred as a result of Saunders' failure to appear for the IME **no later than December 17, 2015.**  Plaintiffs may file objections to Defendants' declaration **no later than December 23, 2015**.

### III.

### CONCLUSION

IT IS THEREFORE ORDERED that (1) Defendants may file a declaration regarding the amount reasonably incurred as a result of Saunders' failure to appear for the IME **no later than December 17, 2015**; (2) Plaintiffs may file objections to Defendants' declaration **no later than December 23, 2015**; (3) Defendants' Motion for evidentiary and terminating sanctions is denied without prejudice; and (4) the hearing on Defendants' Motion currently set for December 17, 2015 is vacated.

DATED: December 14, 2015

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

11